Second Appellate Department, November, 1900. Reported. 54 App. Div. 602.

NICHOLAS W. NOSTRAND, Appellant, *v.* CHARLES HUGHES, Respondent.

Lease with an unfilled blank in the clause relating to the use of the demised premises—Effect thereof—It cannot be supplied by proof of an oral agreement.

The existence of a blank, in a lease which provides that the demised premises shall "be occupied——and not otherwise," does not constitute an ambiguity authorizing the admission of parol evidence that when the lessee accepted the lease the lessor verbally promised to sign a consent to allow the premises to be used for the sale of intoxicating liquors.

*Semble,* that such a lease is complete and effective.

APPEAL by the plaintiff, Nicholas W. Nostrand, from a judgment of the Municipal Court of the city of New York, borough of Queens, second district, in favor of the defendant, rendered on the 1st day of August, 1900, in an action to recover rent.

*C. A. S. Van Nostrand,* for the appellant.

*John J. Trapp,* for the respondent.

WOODWARD, J.: This action was brought to recover money alleged to be due under a lease for the months of June and July, 1900, the aggregate amount being eighty dollars. On the 4th day of August, 1898, the defendant entered into a written lease with the plaintiff for the house and store at No. 50 Main street, Flushing, for a term of five years, at an agreed rental of forty dollars per month, which the defendant covenanted to pay monthly in advance. The defendant entered into possession of the premises under the said lease September 1, 1898, and occupied the same up to June 1, 1900. The defendant then moved into a store in the immediate vicinity, and refuses to pay the rent under his written lease on the ground that previous to making and executing the lease of said premises he informed the plaintiff that he desired to use the store for the sale of liquor and the plaintiff verbally promised to sign a consent, which the plaintiff, in May, 1900, refused to do. Upon the trial of the action the lease was introduced in evidence, and the defendant, over the objections and exceptions of the plaintiff, was permitted to introduce parol

evidence of the alleged verbal agreement to sign a consent to the use of the premises for the sale of liquors, on the ground that there was an ambiguity in the written lease. The trial resulted in a judgment in favor of the defendant, and from this judgment appeal comes to this court.

The question material to be considered is raised by the exceptions to the admission of parol evidence. The portion of the written lease which is relied upon to justify the admission of parol evidence is found in the following clause: " That the said party of the first part hath agreed to let, and hereby doth let, to the said party of the second part, and the said party of the second part hath agreed to take, and hereby doth take, from the said party of the first part the premises No. 50 Main street, Flushing, borough of Queens, city of New York, for the term of five years, to commence on the first day of September, 1898, and to end on the first day of September, 1903, to be occupied ——— and not otherwise, and the said party of the second party hereby covenant and agree to pay," etc. The learned court held that this constituted an ambiguity which entitled the defendant to show that the blank should have been filled, or at least that there was a verbal agreement such as the defendant alleges, and admitted the evidence offered. This was clearly error; it permitted the defendant to introduce parol evidence to vary the terms of a written agreement. In the case of *Vandervoort* v. *Dewey,* (42 Hun, 68), where a written lease provided that the party of the first part should have the " right to terminate this lease at any time after the decease of said Jedediah Dewey, at any time when the said party of the first part has an opportunity of selling the premises, of which said house and lot or garden spot are a part, by paying to said Mary D. S. Dewey the sum of ——— dollars," evidence was offered to show that this blank was intended to be filled by a mere nominal sum, but the evidence was rejected. On appeal the court said: " If the question was one of construction, as to the meaning of the contract, the language being such as to be capable of two or more constructions, parol evidence might be competent, but in the contract under consideration there is nothing in the provisions of the contract that gives us the least intimation as to the number of dollars that it was intended to insert in the contract, and it is, consequently, not a question of construction, but an omission which can only be supplied by the court making for the parties a contract which the parties have

failed to make for themselves. This the courts have no power to do. It consequently follows that the offer to give parol evidence by the plaintiff's counsel was properly excluded by the Trial Court." (See *Eaton* v. *Wilcox*, 42 Hun, 61, 66.)

The defendant asks, in effect, that the court shall read into this contract a covenant on the part of the plaintiff to sign the consent required by subdivision 6 of section 17 of the Liquor Tax Law, which would make him liable to an action for civil damages for an abuse of the provisions of the law by the defendant or his tenant, under section 39. As the parties have not made such a contract for themselves, and there is no consideration for the alleged verbal agreement, the judgment appealed from should be reversed. The contract is complete and effective as it stands; the defendant may use the building for any lawful purpose within the provisions of the law, but he cannot compel the plaintiff to sign a consent, entailing new liabilities, and which were not within the contemplation of the parties at the time of entering into the written agreement, which must be deemed to have merged all previous conversations in reference to the matters involved in the contract. (*Hull* v. *Barth*, 48 App. Div. 590.)

The judgment appealed from should be reversed, with costs.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.